## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 07 2017, 5:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Craig V. Braje
David K. Payne
Braje, Nelson & Janes, LLP
Michigan City, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Jodi Kathryn Stein
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kaylin M. Reynolds,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

June 7, 2017

Court of Appeals Case No.
46A03-1609-CR-2139

Appeal from the LaPorte Circuit Court

The Honorable Thomas Alevizos, Judge

Trial Court Cause No.
46C01-1511-F3-990

**Robb, Judge.**

# Case Summary and Issue

[1] Kaylin Reynolds pleaded guilty to neglect of a dependent resulting in serious bodily injury, a Level 3 felony, and was sentenced to twelve years in the Indiana Department of Correction. Reynolds appeals her sentence, contending it is inappropriate in light of the nature of the offense and her character. Concluding her sentence is not inappropriate, we affirm.

# Facts and Procedural History

[2] On November 7, 2015, twenty-year-old Reynolds and her boyfriend, Coty Sobolewski, were taking care of fourteen-month-old J.H. In their care, J.H. sustained third-degree burns over her lower torso, legs, and genital area. Reynolds and Sobolewski were immediately aware of J.H.'s injuries but did not seek medical treatment. Reynolds attempted to apply cream to J.H.'s legs to relieve the extreme pain.

[3] Three days later, Reynolds and Sobolewski sought the advice of their neighbor, Lola Evans. Evans instructed them to immediately call 911 as J.H.'s breathing was labored, her eyes were fixed, and she was drooling. Reynolds turned to Sobolewski and said, "no, what if they think we hurt the baby or got the baby high." Transcript, Volume II at 23. After Evans threatened to call 911, Reynolds decided to take J.H. to the hospital.

[4] At the hospital, J.H. was sedated, placed on a ventilator, and transported to the burn unit at Loyola Medical Center in Chicago. J.H. also suffered from a blood

infection and remained in the hospital for two months. J.H. suffered extreme pain and her father has to apply medication to her legs twice daily to mitigate any permanent scarring.

[5] The State charged Reynolds with neglect of a dependent resulting in serious bodily injury, a Level 3 felony. On March 4, 2016, Reynolds pleaded guilty as charged. At the sentencing hearing, the trial court noted the following aggravating circumstances: 1) the victim was less than two years of age, 2) Reynolds had a prior criminal history, and 3) Reynolds showed a lack of remorse by attempting to place blame on Sobolewski. The only mitigating circumstance found by the trial court was Reynolds' plea of guilty. The trial court sentenced Reynolds to twelve years in Department of Correction. Reynolds now appeals.

# Discussion and Decision

[6] Reynolds contends her twelve-year sentence is inappropriate in light of the nature of her offense and her character. Indiana Rule of Appellate Procedure 7(B) gives appellate courts the authority to revise a defendant's sentence if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden of persuading this court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). "[S]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Cardwell v. State*,

895 N.E.2d 1219, 1222 (Ind. 2008). It is not for the reviewing court "to achieve a perceived 'correct' result in each case," but "[t]he principal role of appellate review should be to attempt to leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate turns on "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Id.* at 1224.

[7] The advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007). Reynolds pleaded guilty to neglect of a dependent resulting in serious bodily injury as a Level 3 felony. *See* Ind. Code § 35-46-1-4(b)(2). The statutory sentencing range for a Level 3 felony is three to sixteen years, with an advisory sentence of nine years. Ind. Code § 35-50-2-5(b). Based upon its identification of several aggravating factors, the trial court imposed a twelve-year sentence.

[8] As to the nature of the offense, Reynolds was placed in a position of trust and care of a fourteen-month-old child. In her care, J.H. sustained third-degree burns on approximately 23% of her body that went untreated for three days, despite Reynolds' awareness of the severity of the burns. When told that J.H. needed immediate medical care, Reynolds first expressed her concern about whether she would be found at fault and whether anyone would think she "got [J.H.] high." Tr., Vol. II at 23. In addition, J.H. has permanent scarring and may have to have surgery on her legs.

[9] As to Reynolds' character, the trial court noted this is Reynolds' second offense against a child in her young life. In 2010, Reynolds was adjudicated a delinquent for child molesting. Reynolds also has a conviction for conversion. Aside from her limited, but significant criminal history, Reynolds' reaction to these events speak volumes. As noted above, Reynolds' first reaction to being informed J.H. needed medical care was concern for herself and whether she would be deemed at fault or potentially be in trouble for drug use. Nothing about Reynolds' character persuades us her sentence requires revision.

# Conclusion

[10] Reynolds' sentence is not inappropriate in light of the nature of her offense and her character, and we therefore affirm her sentence.

[11] Affirmed.

Vaidik, C.J., and Bailey, J., concur.